IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICARDO TREVINO, JOE DERRICK SILOS and RICARDO OLIVAREZ, JR., <br>     Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 5:19-cv-0474 |
| COLT OILFIELD SERVICES, LLC, and EDDIE AGUILAR <br>     Defendants. | § <br><br> § | <br><br> JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiffs Ricardo Trevino, Joe Derrick Silos and Ricardo Olivarez, Jr. ("Plaintiffs"), by Defendants Colt Oilfield Services, LLC and Eddie Aguilar.

**Parties**

1.  Plaintiffs Ricardo Trevino ("Trevino"), Joe Derrick Silos ("Silos"), Ricardo Olivarez, Jr. ("Olivarez"), a current employee of Defendants, were personally engaged in interstate commerce during his employment with the Defendants, and are represented by the undersigned.

2.  Defendant Colt Oilfield Services, LLC ("Colt") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiffs, Colt is subject to the provisions of the FLSA. Colt was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had

gross annual revenues in excess of $500,000.00. Colt may be served through its registered agent, Eddie Aguilar at 15406 Northwest Blvd., Robstown, Texas 78380, or wherever he may be found.

3. Defendant Eddie Aguilar ("Aguilar") is an individual who was also an "employer" of Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs, Aguilar is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Aguilar was a person who determined and directly controlled the employee compensation policies of Colt. Defendant Aguilar may be served with process at 15406 Northwest Blvd., Robstown, Texas 78380 or wherever he may be found.

### Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Factual Allegations

5. During each of the three years prior to this complaint being filed, Defendant Colt was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

6. During each of the three years prior to this complaint being filed, Colt regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

7. At all times pertinent to this Complaint, Plaintiffs were individually engaged in

commerce and their work was essential to Colt's business.

8. During each of the three years prior to this complaint being filed, Colt conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Colt's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

10. Defendant Aguilar is an owner of Colt. During the last 3 years, Aguilar has been involved in decisions regarding hiring and firing of employees, and has had involvement and authority regarding the payment of employees and how they were compensated. Aguilar was involved in and had authority with regard to determining how Colt employees were paid and whether or not Colt employees were paid overtime.

11. Plaintiff Ricardo Trevino worked for Colt as a torque and test operator from August of 2016 until September of 2018. Trevino's duties included, but were not limited to, torque and pressure testing and greasing and maintaining equipment at oil and gas well sites. When Trevino worked in the field, he regularly worked in the neighborhood of 90 hours per week and sometimes more. Trevino was not paid overtime pay for hours he worked in excess of 40 in any workweek that he worked for Colt.

12. Plaintiff Joe Derrick Silos worked for Colt as a torque and test operator from February of 2017 until May of 2018. Silos's duties included, but were not limited to, torque and pressure testing and greasing, maintaining equipment at oil and gas well sites and hauling equipment to other job sites. When Silos worked in the field, he regularly worked in the neighborhood of 90 hours per week and sometimes more. Silos was not paid overtime pay for

hours he worked in excess of 40 in any workweek that he worked for Colt.

13. Plaintiff Ricardo Olivarez, Jr. has worked for Colt as a torque and test operator from February of 2018 until September of 2018.  Olivarez's duties included, but were not limited to, torque and pressure testing and greasing, maintaining equipment at oil and gas well sites and hauling equipment to other job sites.  When Olivarez worked in the field, he regularly worked in the neighborhood of 90 hours per week and sometimes more.  Olivarez was not paid overtime pay for hours he worked in excess of 40 in any workweek that he worked for Colt.

### Plaintiffs' Allegations

14. At all times relevant hereto, Colt and Aguilar knew of, approved of, and benefited from Plaintiffs' regular and overtime work.

15. Plaintiffs were not "exempt" employees when they worked for Colt.

16. As a non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek.  Colt and Aguilar failed to pay the Plaintiffs the required overtime premium in nearly every workweek that the Plaintiffs were employed by these Defendants, as the Plaintiffs worked in excess of 40 hours in almost every week they worked for them.  Plaintiffs were paid on a salary and bonus basis, and were not paid premium pay for hours worked over 40.

17. Colt and Aguilar did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

18. Colt's and Aguilar's actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

19. Due to Aguilar's position with Colt and due to the authority he yielded at Colt in

general and also with regard to determining how employees would be compensated, Aguilar was an "employer" of Plaintiffs when Plaintiffs worked for Colt.

20. Defendants are jointly and severally liable to the Plaintiffs for the damages sought herein.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

21. Colt and Aguilar violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of these Defendants.

22. Plaintiffs have suffered damages as a direct result of Colt's and Aguilar's illegal actions.

23. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

24. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFFS**